# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM C. OSER, | : | CIVIL NO: 3:13-CV-01017 |
| Petitioner, | : | |
| | : | (Judge Nealon) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| DIRECTOR CHARLES SAMUELS, *et al.*, | : | |
| Respondents. | : | |

# **REPORT AND RECOMMENDATION**

The petitioner, William Oser ("Oser") is a federal prisoner currently housed at the United States Penitentiary at Lewisburg. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his confinement in the Special Management Unit (SMU). Oser has also filed a motion to proceed *in forma pauperis* (*Doc*. 4), which we recommend granting. However, in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to Section 2241 habeas cases, *see* Rule 1(b), we review the petition to determine whether it plainly appears from the petition that Oser is not entitled to relief. Because Oser's claim is not cognizable in a habeas corpus case, we recommend that the petition be dismissed for lack of subject-matter jurisdiction.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). When a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500. "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction" the prisoner must seek relief by initiating a civil rights action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

Habeas corpus is also available to a federal prisoner to challenge the execution of his sentence. *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 243 (3d Cir. 2005)(finding petition reviewable under § 2241 based upon the Bureau of Prisons' refusal to carry out the court's specific sentencing recommendation).[1] In order to challenge the execution of his sentence under

---

[1] After the Bureau of Prisons refused to comply with the recommendation of the sentencing judge that he spend the last six months of his sentence in a halfway house, the petitioner in *Woodall* challenged the regulations of the Bureau of Prisons that limited a prisoner's placement in community confinement to the lesser of ten percent of the prisoner's total sentence or six months. 432 F.3d at 237-238. The Third Circuit held that Woodall's claim concerned the execution of his sentence and was, thus, properly brought as a habeas claim under 28 U.S.C. § 2241. *Id.* at 244. The court relied on the plain meaning of the term "execution," which is to "put into effect" or "carry out." *Id.* at 243. It noted, however, that

Section 2241, however, a federal prisoner must allege that the Bureau of Prisons' "conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe,* 681 F.3d 533, 537 (3d Cir. 2012)(holding that a claim alleging that the transfer to SMU was done in retaliation for legal actions, and was not proper under the Bureau of Prisons' Program Statement, could not be brought as a habeas corpus claim under Section 2241).

Here, Oser is not challenging his conviction or the very fact or duration of his physical imprisonment. Nor does he allege that his continued confinement in the SMU is inconsistent with a command or recommendation in his sentencing judgment. Since, Oser is not challenging the execution of his sentence as explained by the Third Circuit in *Woodall*, his claim is not within the proper scope of habeas corpus.[2]

---

"[c]arrying out a sentence through detention in a CCC [community corrections center] is very different from carrying out a sentence in an ordinary penal institution." *Id.* The Court distinguished placement in a CCC from a "garden variety" prison transfer. *Id.* Unlike the petitioner in *Woodall*, and as detailed herein, Oser is challenging his confinement in the SMU, which is in an ordinary penal institution, and his transfer to the SMU is a "garden variety" prison transfer. Thus, his claim is distinguishable from the claim brought by the petitioner in *Woodall*.

[2] Although we make no determination as to the merits of any such claim, we note that Oser's claim may be cognizable as a *Bivens* claim. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). We have previously informed Oser of this option, but he has yet to file such a lawsuit. *See Oser v. Samuels, et al.*, Civ. A. No. 3:12-CV-02535 (WJN), at *Doc.* 6.

Because Oser has not presented a claim which is cognizable as a habeas corpus claim, it is recommended that the petition for a writ of habeas corpus be dismissed for lack of subject-matter jurisdiction without prejudice to the petitioner filing a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). It is further recommended that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **9th** day of **May, 2013**.

*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge