IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM C. OSER,
   Petitioner

   v.

DIRECTOR CHARLES SAMUELS, et al.,
   Respondents

CIVIL NO. 3:13-CV-1017

(JUDGE NEALON)
(MAGISTRATE JUDGE SCHWAB)

## MEMORANDUM

On April 18, 2013, Petitioner, William C. Oser, an inmate currently confined in the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his confinement in the Special Management Unit ("SMU") at USP-Lewisburg as unconstitutional. (Doc. 1). For relief, he requests immediate release from SMU confinement, termination of the SMU Program, and monetary damages. (Id.). On May 9, 2013, Magistrate Judge Susan E. Schwab issued a Report and Recommendation ("R&R") concluding that Petitioner's claim is not cognizable in habeas corpus. (Doc. 7). The Magistrate Judge recommends that the habeas petition be dismissed without prejudice to Petitioner's right to file a claim pursuant to Bivens.[1] (Id.). On May 20, 2013, Petitioner filed objections to the R&R and a memorandum of law. (Docs. 8, 9, 11). He also filed what appears to be a civil rights complaint seeking class action certification. (Docs. 10, 12). For the reasons set forth below, the R&R will be adopted.

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." See Banks v. Roberts, 251 Fed. Appx. 774, 775 n.1 (3d Cir. 2007).

**Background**

On December 19, 2012, Petitioner filed his first habeas corpus petition raising similar challenges to his confinement in the SMU at USP-Lewisburg. See Oser v. Samuels, et al., No. 3:12-cv-2535 (M.D. Pa. December 19, 2012). On January 16, 2013, Magistrate Judge Schwab issued an R&R concluding that Petitioner's claim was not cognizable in habeas corpus. Id. at (Doc. 6). On May 22, 2013, after review of Petitioner's objections, this Court adopted the R&R, dismissed the habeas petition, and closed the case. Id. at (Docs. 9-10); Oser v. Samuels, 2013 U.S. Dist. LEXIS 72775 (M.D. Pa. 2013) (Nealon, J.). Petitioner's appeal from this Court's decision is currently pending before the Third Circuit Court of Appeals.

**Standard of Review**

When objections to a Report and Recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**Discussion**

Petitions filed pursuant to 28 U.S.C. § 2241 shall be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court." See U.S.C. Sec. 2254 Cases R 4; Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (Nealon, J.) (explaining that the Rules Governing Section 2254 Cases are applicable to section 2241 petitions through Rule 1(b)). Accordingly, Magistrate Judge Schwab screened the instant petition. See (Doc. 7).

The R&R explains that habeas corpus is an avenue by which a prisoner may challenge the fact or duration of his confinement in prison. (Doc. 7, p. 2) (citing Preiser v. Rodriguez, 411 U.S. 475, 484, 500 (1973)). Magistrate Judge Schwab determines that habeas corpus is also available to a prisoner to challenge the execution of his sentence. (Id.) (citing Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005)). "'Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction' the prisoner must seek relief by initiating a civil rights action." (Doc. 7, p. 2) (quoting Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002)); see also Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012) (affirming the District Court's dismissal of Cardona's section 2241 petition for lack of jurisdiction because his claim, that he was illegally referred to the SMU in USP-Lewisburg, is not cognizable in habeas corpus).

Magistrate Judge Schwab finds that in the instant habeas petition, Petitioner "is not challenging his conviction or the very fact or duration of his physical imprisonment ...[or] the execution of his sentence." (Doc. 7, p. 3). Therefore, the Magistrate Judge concludes that the claim is not within the scope of habeas corpus, but may be cognizable as a Bivens claim. (Id. at p. 3 n.2). The R&R recommends that the petition be dismissed without prejudice for lack of subject-matter jurisdiction. (Id. at p. 4).

In his objections, Petitioner argues that "anything affecting a prisoner's custody is the

3

core of habeas corpus." (Doc. 8, p. 2) (citing Preiser, 411 U.S. 475). He asserts that SMU placement falls into the category of "any confinement" and that SMU confinement is "'anything affecting' [his] 'custody.'" (Doc. 8, p. 2) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004); Preiser, 411 U.S. 475). Next, Petitioner claims that habeas corpus covers prison transfers and types of detention. (Doc. 8, p. 3), quoting Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006) (citing Woodall, 432 F.3d at 242-44). Petitioner contends that habeas may also be used to obtain release from disciplinary confinement. (Doc. 8, p. 3) (citing Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)). Finally, Petitioner argues that habeas corpus is an avenue to obtain release from segregation. (Doc. 8, p. 3) (quoting Boudin v. Thomas, 732 F.2d 1107 (2d Cir. 1984)).

After de novo review, this Court finds that Petitioner misinterprets federal habeas corpus law. Significantly, "the 'core of habeas' [is] the validity of the continued **conviction** or the fact or length of the **sentence**." Leamer, 288 F.3d at p. 542 (emphasis added). Petitioner's claim, however, relates to the validity of his confinement in the SMU, not to his conviction, and to the duration or length of his placement in the SMU, not to his sentence. This challenge "is to a condition of confinement" and any ruling in Petitioner's favor regarding the lawfulness of his continued placement in the SMU "would not alter his sentence or undo his conviction"; consequently, his claim is not properly brought under habeas. Id. at p. 544; see also Hill v. AG United States, 2013 U.S. App. LEXIS 9403, *4-5 (3d Cir. 2013) (finding that the prisoner's challenge to his placement in the SMU does not "fall within the narrow jurisdictional ambit of Woodall, 432 F.3d 235" because "[s]uccess for him means at most that he would be released into the general population; it would not mean a shorter stay in prison or placement in the community"); McCarthy v. Warden, 2010 U.S. Dist. LEXIS 127742, *4 (M.D. Pa. 2010)

(Smyser, M.J.) (determining that the prisoner's challenge to his confinement in the SMU is not cognizable in habeas because even if his claim was successful, the prisoner's release date would not change), adopted by, McCarthy v. USP Lewisburg, 2010 U.S. Dist. LEXIS 127774 (M.D. Pa. 2010) (Caldwell, J.), affirmed by, McCarthy v. Warden, USP Lewisburg, 417 Fed. Appx. 128, 130 (3d Cir. 2011).

Petitioner's objection that "anything" affecting a prisoner's custody, including SMU confinement, is covered by habeas corpus is contrary to clearly established federal law. "In the years following Preiser, the distinction and interplay between habeas corpus and civil rights claims have been clarified." McCarthy, 2010 U.S. Dist. LEXIS 127742 at *4 (explaining that the scope of habeas corpus involves relief in the form of immediate release or a speedier release from imprisonment). The United States Supreme Court stated, it "has never followed the speculation in Preiser that such a prisoner [whose challenge threatens no consequence for his conviction or the duration of his sentence] subject to 'additional and unconstitutional restraint' might have a habeas claim independent of § 1983...." Muhammad, 540 U.S. at 752 (internal citation omitted).

Despite Petitioner's assertion that habeas may be used to challenge prison transfers and disciplinary confinement, the claim presented here is not cognizable in habeas corpus. See Hill, 2013 U.S. App. LEXIS 9403 at *4-5 (holding that the prisoner's claims regarding his detention in the SMU seek to invalidate procedures used to confine him in the SMU, "are not a challenge to the execution of his sentence and are not cognizable in federal habeas corpus"); McCarthy, 417 Fed. Appx. at 130 (holding that the prisoner's "transfer to the SMU does not cross the line beyond 'a garden variety prison transfer' [and] does not give rise to a habeas claim under Woodall, 432 F.3d at 243"); Bedenfield v. Lewisburg, 393 Fed. Appx. 32, 33 (3d Cir. 2010)

5

(same); Crooker v. Werlinger, 391 Fed. Appx. 126, 127 (3d Cir. 2010) (finding that Woodall recognized that "while certain types of transfers may give rise to habeas claims, 'a garden variety prison transfer' would not"). This Court and the Third Circuit Court of Appeals have considered similar challenges to a prisoner's placement in the SMU at USP-Lewisburg and have repeatedly held that such claims are not cognizable in federal habeas review. See e.g. Hill, 2013 U.S. App. LEXIS 9403 (affirming the order of the District Court denying Hill's section 2241 petition without prejudice because his claim challenging his confinement in the SMU at USP-Lewisburg is not cognizable under federal habeas corpus); Parks v. Holder, 2013 U.S. App. LEXIS 18 (3d Cir. 2013) (agreeing with the District Court that Parks' placement in the SMU at USP-Lewisburg "does not give rise to a habeas claim and his claims, if any, may only be brought in a Bivens action"); Brown v. Bledsoe, 405 Fed. Appx. 575, 576-77 (3d Cir. 2011) (finding no error in the District Court's decision to dismiss Brown's habeas petition challenging his transfer to the SMU at USP-Lewisburg because he "did not challenge the fact or the duration of his confinement" or show that his transfer "was anything other than a 'garden variety prison transfer'"); Murray v. Bledsoe, 386 Fed. Appx. 139, 140 (3d Cir. 2010) (affirming the District Court's order dismissing the habeas petition because "Murray's complaint regarding cell confinement [in the SMU at USP-Lewisburg] does not challenge the fact or duration of his imprisonment, which is the essence of habeas", nor does it having any bearing on the validity of his conviction); Shelton v. Samuels, et al., No. 3:13-cv-220 at (Doc. 10) (M.D. Pa. February 15, 2013) (Nealon, J.) (finding that Shelton's challenge to his continued placement in the SMU at USP-Lewisburg is not cognizable in habeas corpus). Petitioner's objections as to why his claims may be raised in a habeas petition will therefore be overruled.

6

Additionally, Petitioner's objection to the R&R as "malicious" and "unfounded", and his allegation that the findings in the R&R place the Magistrate Judge's "'bias' in question", see (Doc. 8, pp. 1, 3), are frivolous. This Court finds that Magistrate Judge Schwab's findings and recommendations are the result of sound legal analysis, and they will be adopted. Petitioner's baseless objection will be overruled.

Accordingly, the instant habeas petition will be dismissed without prejudice to Petitioner's ability to raise his claims in a Bivens action.[2] The R&R will be adopted and Petitioner's objections will be overruled.

A separate Order will be issued.

Date: June 20, 2013

United States District Judge

---

[2] Although Petitioner may have attempted to file a civil rights complaint on May 20, 2013, see (Docs. 10, 12), in the above-captioned case, such a pleading must be filed in a separate action number. Importantly, this Court offers no opinion as to the sufficiency of the pleading or to the merits of any claim filed pursuant to 42 U.S.C. § 1983. But see Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997) (affirming the district court's decision to dismiss the prisoner's civil rights complaint because "exposure to the conditions of administrative custody for periods as long as 15 months" does not violate due process or the Eighth Amendment).

7